UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Siwe                                              Civil Action No. 17-00178

versus                                            Judge Rebecca F. Doherty

Lynch, et al                                      Magistrate Judge Carol B. Whitehurst

**REPORT AND RECOMMENDATION**

Before the Court, on referral from the district judge, is Respondents' Motion To Dismiss Petitioner's Writ of Habeas Corpus pursuant to Federal Rule 12(b)(1) for Lack of Jurisdiction. [1] [Rec. Doc. 13]. For the reasons set forth below, the undersigned recommends that Respondents' Motion To Dismiss be granted.

On January 30, 2017, Joel Happy Siwe filed a Petition for Writ of Habeas Corpus under 28 U.S.C. 2241. In the petition, Siwe contended he was being held in Pine Prairie Correctional Center in Pine Prairie, Louisiana on an immigration charge and challenged his detention alleging that he was not a flight risk. *Rec. 6.* On February 14, 2017, Siwe was "removed from the United States to Cameroon ... pursuant to an order of deportation." *Rec. 13-2, Ex. A.*

Because Mr. Siwe is no longer in immigration custody, his request to be

---

[1] The Motion to Dismiss was filed by the U.S. Attorney's Office on behalf of defendants, Loretta Lynch, Jeh Johnson, Sarah Saldana, Alice Miller, Indalecio Ramos, and David Rivera.

released from detention is now moot. Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "cases" or "controversies." U.S. Const. art. III, § 2. Under [the doctrine of mootness], although a justiciable controversy may have existed at the time the litigation was commenced, the action must be dismissed for want of jurisdiction if the controversy ceases to exist at some point in the litigation. *See Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998).

Based on the foregoing, the undersigned recommends that the Motion To Dismiss Pursuant To Federal Rule 12(b)(1) filed by the Government [Rec. Doc. 12], be GRANTED, Petitioner's Writ of Habeas Corpus be dismissed without prejudice as moot and that this proceeding be terminated.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within

fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Thus done and signed in Lafayette, Louisiana this 20th day of June, 2017.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE